**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| OSAMA M. EL-ATARI | ) | Case No. 09-14950-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| KEVIN R. MCCARTHY, *Trustee* | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01427 |
| | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDATION**

This adversary proceeding was filed on August 9, 2011. During the course of the case, Wells Fargo twice moved to withdraw the reference to the District Court. Docket Nos. 10, 63. Both Motions were denied. Docket Nos. 32, 121. This Court has concluded the discovery process. For the reasons stated below, the Court recommends that the reference now be withdrawn to the District Court, for a jury trial on the remaining issue in the case, the Defendant's affirmative defense of good faith under 11 U.S.C. § 548(c).

*1. Wells Fargo Has Made a Timely Jury Demand.*

Wells Fargo has timely demanded a trial by jury. Docket No. 59 (Sept. 21, 2012). It is entitled to jury trial. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989).

In her Opinion denying Wells Fargo's Motion to Withdraw the Reference pursuant to 28 U.S.C. § 157(d), Judge Brinkema held:

> Preservation of the right to a jury trial is the final factor [in deciding a motion requesting discretionary withdrawal of the reference]. Although Wells Fargo correctly states that it has a right to a jury trial on the question of whether the conveyance was fraudulent, it has not made a jury demand and continues to "deliberat[e] whether to exercise its Seventh Amendment right." Def.'s Mot. at 11. Therefore, the need for a jury trial is speculative. *See In re O'Brien*, 414 B.R. 92, 103 (S.D. W. Va. 2009) ("Declining to withdraw the reference at this time preserves the right to a jury trial because the reference may be withdrawn if and when a jury trial becomes necessary."). Even were Wells Fargo to request a jury trial, immediate withdrawal would not be required.
>
>> [T]he mere fact that the district court must conduct a jury trial in an adversary proceeding does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial.
>
> *In re Stansbury Poplar Place, Inc.,* 13 F.3d 122, 128 (4th Cir.1993); see also In re QSM, 2011 WL 2161792, at * 2 (denying motion for withdrawal of reference despite timely jury demand because bankruptcy court could still oversee discovery and hear summary judgment motion); *In re Kleinert's, Inc*., No. 04 Civ. 5286(DLC), 2004 WL 1878787, at *2–3 (S.D.N.Y. Aug. 19, 2004) ("The right to a jury trial does not always require an immediate withdrawal of the reference.").

*McCarthy, Trustee v. Wells Fargo (In re El-Atari),* 2011 WL 5828013 (E.D. Va. 2011).

Judge Hilton reiterated this point, in denying Wells Fargo's second Motion to Withdraw the Reference. *McCarthy, Trustee v. Wells Fargo (In re El-Atari),* 2012 WL 6020110 (E.D. Va. 2012).

   *2. Discovery Matters.*

This Court has overseen the discovery process to its conclusion, making a number of discovery rulings in the process. *See* Docket Nos. 77 (Agreed Protective Order), 99 (Stipulation and Agreed Order Modifying Joint Proposed Discovery Plan), 108 (Order on Motions for Leave to Depose the Debtor), 122 (Order on Motion Under Rule 9018 to Bar Allegations, Arguments and Evidence Concerning Reports to Law Enforcement), 137 (Order Granting Unopposed Motion Clarifying Scheduling of Depositions of El-Atari), 140 (Order Regarding Joint Request for Status Conference), 165 (Order on Motion to Compel), 168 (Order on Motion to Strike

Expert Witness), 169 (Order on Wells Fargo's Emergency Motion for Protective Order, or in the Alternative, to Extend Discovery), and 196 (Order on the Chapter 7 Trustee's Motion to Compel).

   3. *Mediation.*

The case was referred to retired Bankruptcy Judge Stephen S. Mitchell for mediation. Judge Mitchell conducted a mediation, but the mediation did not result in a settlement of the case. Docket Nos. 44 (Order Directing Mediation) and 47 (Trustee's Statement as to Status of Mediation and Request for Authority to Commence Discovery).

   4. *Wells Fargo's Motion to Dismiss the Amended Complaint.*

The Court granted in part and denied in part Wells Fargo's Motion to Dismiss the Trustee's Amended Complaint. Docket No. 123. This Order reflects the Court's ruling from the bench that under the Supreme Court cases of *Twombly*[1] and *Iqbal*[2], the Trustee had stated a plausible claim for the avoidance and recovery of a fraudulent transfer. At the same time, the Court ruled that the Trustee had not stated a plausible claim that the conduct of Mr. El-Atari amounted to a Ponzi scheme, or a "Ponzi-like" scheme. Accordingly, the Court struck paragraph 34 of the Complaint, but otherwise denied Wells Fargo's Motion to Dismiss. Docket No. 123.

The Court also ruled that Wells Fargo need not respond to any allegations in the Amended Complaint as to whether it had filed a Suspicious Activity Report (SAR), and therefore, ruled that Wells Fargo did not need to respond to Paragraphs 46, 47, 50 and 51 of the Amended Complaint. Docket No. 122.

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*5. Summary Judgment.*

Finally, simultaneously with the entry of this Report and Recommendation, the Court entered summary judgment in favor of the Plaintiff, on the Plaintiff's *prima facie* case under Section 548(a)(1)(A) of the Bankruptcy Code. At the same time, the Court denied the Plaintiff's Motion for Summary Judgment on the Defendant's affirmative defense of good faith under 11 U.S.C. § 548(c).

## Conclusion

Discovery is now complete. Wells Fargo is entitled to a jury trial on its affirmative defense under 11 U.S.C. § 548(c). For the foregoing reasons, this Court respectfully recommends that the District Court withdraw the reference and conduct a jury trial on the merits on Wells Fargo's affirmative defense under 11 U.S.C. § 548(c).

Date: May 22 2013

Alexandria, Virginia

/s/ Brian F. Kenney

Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: May 22, 2013

Copies to:

Kevin R. McCarthy, Trustee
McCarthy & White, PLLC
1751 Pinnacle Drive #1115
Plaintiff

J. Jonathan Schraub, Esquire
Sands Anderson PC
1497 Chain Bridge Road, Suite 202
McLean, VA 22101
Special Counsel for the Plaintiff

D. Marc Sarata, Esquire
Stephen E. Leach, Esquire
Leach Travell Britt, PC
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
Counsel to Plaintiff

Douglas Paul Lobel, Esquire
Cooley LLP
11951 Freedom Drive
Reston, VA   20190
Counsel for Defendant Wells Fargo Bank, N.A.